**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1027**

ZACHARY KONGNSO KEHLA,

       Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 24, 2012       Decided:  August 22, 2012

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle L.C. Beach-Oswald, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Jennifer P. Levings, Senior Litigation Counsel, Nancy K. Canter, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zachary Kongnso Kehla, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

This court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. There is substantial evidence to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Therefore, we review an adverse credibility determination for substantial evidence and give broad deference to the Board's credibility determination. The Board and the immigration judge must provide specific, cogent reasons for making an adverse credibility determination. We recognize that omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony can support an adverse credibility determination. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the Board to make an adverse credibility finding as to the

alien's entire testimony regarding past persecution. An inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); see also Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011) (case citations omitted). An adverse credibility finding can support a conclusion that the alien did not establish past persecution. See Dankam v. Gonzales, 495 F.3d 113, 121-23 (4th Cir. 2007); see also Chen v. Attorney Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (denial of asylum relief can be based solely upon an adverse credibility finding).

We have reviewed the record and considered Kehla's arguments and conclude that there was substantial evidence supporting the adverse credibility finding. We note that there were several inconsistencies in the record regarding critical parts of Kehla's claim for relief. We also note that the immigration judge's consideration of Kehla's testimonial demeanor as one basis for the adverse credibility finding was supported by specific and cogent reasons.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal

---

[*] Kehla does not argue that the immigration judge erred in denying his request under the CAT. Accordingly, that claim is abandoned. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th
(Continued)

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                <u>PETITION DENIED</u>

---

Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).